NO. 07-01-0279-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 2, 2002

_____

LAWRENCE BRACKENS, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 41,414-C; HONORABLE PATRICK A. PIRTLE, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Upon a plea of not guilty, a jury convicted appellant Lawrence Brackens, Jr. of aggravated sexual assault and assessed punishment at life imprisonment. Presenting two points of error, appellant contends (1) the court's charge at guilt/innocence denied him due process of law when it permitted the jury to utilize extraneous offense evidence for all

purposes as opposed to the specific purpose for which it was admitted, thereby depriving him of a fair and impartial trial, and (2) the trial court committed reversible error in overruling the prosecutor's final argument at the guilt/innocence phase which encouraged the jury to speculate about the existence of uncharged, extraneous offenses against him.[1] Based upon the rationale expressed herein, we affirm.

Appellant does not challenge the sufficiency of the evidence; thus, our review of the evidence will be limited to such as is necessary to consider appellant's points. After the victim's husband left for work no later than 6:00 a.m. on September 11, 1998, and while the victim and her young sons were asleep, appellant entered the victim's home and committed a sexual assault on her. Contrary to the victim's account of the events, by his testimony at the guilt/innocence phase, appellant testified that he entered the home when the victim opened the door and that the sexual encounters were consensual. Although the victim reported the attack to the police on the morning of September 11, 1998, and underwent a sexual assault examination at a hospital, where sperm and other samples were found, appellant was not apprehended until approximately a year later when he was seen by Officer Contreras while on patrol in an area where several rapes had been reported. The officer had been provided with identifying information including a composite sketch of a suspect,

---

[1]Appellant also presented a third point of error. However, by letter brief filed subsequent to the original brief, counsel concedes with commendable professional candor that based on Luquis v. State, 72 S.W.3d 355 (Tex.Cr.App. 2002), appellant withdraws his third point of error from consideration.

described as six foot, 195 pounds, light brown eyes, wearing a red-black hooded jogging suit, black skull cap or toboggan, and sport glasses. After stopping appellant, the officer then requested identification and with his consent, he was taken to the police station. Ultimately, a DNA comparison identified appellant as the perpetrator of the assault.

Contending charge error only, by his first point, appellant contends that the inclusion of the general instruction on extraneous offenses permitting the jury to consider the extraneous offenses for any purpose whatsoever if proven beyond a reasonable doubt was egregious error so as to deprive him of a fair and impartial trial. We disagree.

Paragraph 10 of the charge at the guilt/innocence phase instructed the jury as follows:

> if there is any evidence before you in this case regarding the defendant's having committed an offense other than the offense alleged against him in the indictment in this case, you cannot consider said testimony for any purpose whatsoever unless you find and believe beyond a reasonable doubt that the defendant committed such other offense or offenses, if any was committed.

The State objected to the submission of this paragraph on the ground that no evidence was offered regarding extraneous offenses.

In addition to the extraneous offenses instruction, because evidence of other sexual assaults in the vicinity of the charged offense had been received to explain appellant's

3

detention upon his apprehension 12 months following the charged offense, by subparagraph four of paragraph 8 of the charge, the court also instructed the jury as follows:

> In this case evidence has been introduced concerning other sexual assault offenses. Said evidence was offered for the limited purpose of determining whether or not Officer Contreras was justified in detaining the defendant for purposes of identification and you are instructed that you may not consider said evidence for any other purpose whatsoever.

During the charge conference, defense counsel requested that paragraph 10 be included in the charge, and at the conclusion of the charge conference defense counsel did not advance any objections to the charge as submitted by the trial court.

Appellant argues that considering paragraphs 8 and 10 together, the jury violated the extraneous offenses instruction under paragraph 8 by giving effect to the same extraneous offense or offenses as evidence of guilt under paragraph 10. Appellant concludes that these two paragraphs produce mutually contradictory instructions. Considering the discretion afforded the trial court and because (1) the instruction expressly limited its application to evidence that the charge stated had been received for the specific and limited purpose of justifying appellant's detention by Officer Contreras, (2) the jury was instructed that they should not consider the specific evidence for any other purpose whatsoever, except the officer's justification of his detention of appellant, and (3) focusing on the limitation *for any other purpose whatsoever*, we conclude the charge did not submit mutually contradictory instructions. Moreover, because appellant requested that paragraph 10 be included and did

4

not otherwise object to the charge, he is estopped by the doctrine of invited error from raising this complaint on appeal. Matchett v. State, 941 S.W.2d 922, 935 (Tex.Cr.App. 1996). Appellant's first point is overruled.

By his second point appellant contends the prosecutor's argument was outside the record and the error deprived him of his substantial right to a fair and impartial trial. We disagree. In support of his contention, appellant references the following excerpt from the State's argument:

[Prosecutor]: Officer Contreras stopped the Defendant because of his belief that he had a suspect in sexual assaults that had occurred. The only one on trial is this one with [the victim]. You don't have to make a decision about whether he did anything else. In fact, we're not submitting right now - -

[Defense]: Excuse me.

[Prosecutor]: - - that there's any evidence - -

[Defense]: Excuse me, Your Honor. I object, Counsel is outside the record and I object.

[Prosecutor]: Your Honor, it's in the Charge.

The Court: Objection will be overruled. . . .

[Prosecutor]: The Charge tells you that before you can believe that this Defendant committed any other sexual assault other than the one on trial, you have to - -

[Defense]: Excuse me, Your Honor, I object. This is improper argument. It's inflammatory and I object.

5

[Prosecutor]: Your Honor, it's - - I'm just referring to the Charge.

The Court: You may proceed.

[Defense]: He's drawn - - excuse me.

The Court: Well, [prosecutor], you may proceed, but do so - -

[Defense]: Your Honor, at this time, I object.

The Court: Objection will be sustained. . . .

[Defense]: At this time, Your Honor, I move for a mistrial.

The Court: Denied.

[Prosecutor]: Read Paragraph 10. Okay? We're only trying [the victim's] case. That the only decision you have to make is to use your common sense, listen to the evidence you heard about the case involving [the victim].

The four areas of permissible jury argument are (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) response to argument of opposing counsel; and (4) pleas to law enforcement. Long v. State, 823 S.W.2d 259, 267 (Tex.Cr.App. 1991), *cert. denied*, 505 U.S. 1224, 112 S.Ct. 3042, 120 L.Ed.2d 910 (1992). Reversible error results from improper jury argument only where, when examined in light of the entire record, the argument is extreme, manifestly improper, injects new and harmful facts into the case, or violates a mandatory statutory provision. Hernandez v. State, 819 S.W.2d 806, 820 (Tex.Cr.App. 1991), *cert. denied*, 504 U.S. 974, 112 S.Ct. 2944, 119 L.Ed.2d 568 (1992). An instruction to the jury to disregard an improper jury argument is generally sufficient to cure

6

error.  Dinkins v. State, 894 S.W.2d 330, 357 (Tex.Cr.App. 1995), *cert. denied*, 516 U.S. 832, 116 S. Ct. 106, 133 L. Ed.2d 59 (1995).

Improper jury argument is error of non-constitutional dimension.  Tex. R. App. P. 44.2(b); Mosley v. State, 983 S.W.2d 249, 259 (Tex.Cr.App. 1998) (on reh'g), *cert. denied*, 526 U.S. 1070, 119 S.Ct. 1466, 143 L.Ed.2d 550 (1999).  In establishing the effect of improper argument, three factors are considered:  (1) the severity or magnitude of the misconduct; (2) the measure taken to cure the misconduct; and (3) the certainty of conviction absent the misconduct.  *Mosley*, 983 S.W.2d at 259.

As is apparent from the foregoing record, although appellant's experienced trial counsel anticipated that State's counsel was poised to make an inaccurate or misleading argument regarding the justification for appellant's detention, counsel's vigilance effectively precluded the completion of the statement or point which State's counsel may have been trying to make.  Moreover, given appellant's testimony, the scientific and other evidence, and considering the certainty of conviction absent the prosecutor's argument, the argument did not rise to the level to adversely prejudice appellant's substantial rights.  Further, where an objection is sustained, the appropriate remedy for a curable, erroneous argument is an instruction to disregard.  McGinn v. State, 961 S.W.2d 161, 165 (Tex.Cr.App. 1998).  After the trial court sustained appellant's objection, he moved for mistrial, but did not request an

7

instruction to disregard.  Thus, the issue is not presented for our review.  *Id.* Appellant's second point is overruled.

Accordingly, the judgment of the trial court is affirmed.


Don H. Reavis
Justice

Do not publish.